# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BILLY WHITEHEAD
REG. #21842-009                                                                                         PETITIONER

VS.                                     5:05CV00265 JMM/JTR

STATE OF ARKANSAS;
MIKE BEEBE, Attorney General                                                                RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

      1.     Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## I. Introduction

Petitioner, who is currently incarcerated in FCI Forrest City, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket entry #1.) For the reasons set forth herein, the Court recommends that the habeas Petition be dismissed, without prejudice, so that Petitioner may seek permission from the Eighth Circuit to file a successive habeas petition.

## II. Background

On July 14, 1993, a Lonoke County jury convicted Petitioner of delivery of a controlled substance, and Petitioner was sentenced to 20 years in the Arkansas Department of Correction.[1] (Docket entry #1, Ex. 1.) Petitioner filed a direct appeal of that conviction with the Arkansas Court of Appeals, which affirmed Petitioner's conviction and sentence on January 25, 1995. *Whitehead*

---

[1] Petitioner is currently incarcerated in federal prison due to a 2000 conviction based on federal drug charges. *United States v. Whitehead*, E.D. Ark. No. 4:99CR00105 GH. Petitioner was sentenced to 240 months in federal prison. *Id.* at docket entry #73.

*v. State*, 1995 WL 30541 (Ark. Ct. App. Jan. 25, 1995) (unpublished decision).

Several years later, on February 27, 2002, Petitioner filed a federal habeas action challenging his July 14, 1993 state court conviction. In his Petition, he alleged that: (1) his trial counsel was constitutionally ineffective in several respects; and (2) the prosecutor improperly used a peremptory challenge to exclude an African-American from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). *Whitehead v. Morrison et al.*, E.D. Ark. No. 4:02CV00115 JTR. On August 12, 2002, the Court dismissed this habeas Petition, with prejudice, because Petitioner filed his Petition outside of the AEDPA's one-year limitations period, without any basis for equitable tolling. *Id.* at docket entries #10 and #11. The Court, and later the Eighth Circuit, denied Petitioner's requests for a certificate of appealability of the decision. *Id.* at docket entries #13 and #14.

On September 16, 2004, Petitioner filed a Rule 37 Petition in Lonoke County Circuit Court again challenging his July 14, 1993 state court conviction. (Docket entry #1, Ex. 1.) The state trial court denied this Petition because it was filed more than 60 days after the issuance of the mandate in *Whitehead v. State*, 1995 WL 30541 (Ark. Ct. App. Jan. 25, 1995) (unpublished decision). Petitioner later lodged an appeal of the denial of Rule 37 relief in the Arkansas Supreme Court, which was summarily dismissed on March 10, 2005. (Docket entry #1, Ex. 3.)

On September 14, 2005, Petitioner filed the current habeas Petition in which he challenges for a second time the constitutionality of his July 14, 1993 conviction in Lonoke County Circuit Court. (Docket entry #1.)

### III.  Discussion

In *Crouch v. Norris*, 251 F.3d 720, 725 (8th Cir. 2001), the Eighth Circuit explained that a habeas action is successive if it raises a claim challenging a conviction or sentence that was or could

have been raised in an earlier habeas petition. Petitioner's current habeas action is clearly successive because it raises claims challenging Petitioner's July 14, 1993 conviction that were or could have been raised in his previously dismissed habeas action, *Whitehead v. Morrison et al.*, E.D. Ark. No. 4:02CV00115 JTR. The habeas statute provides, in relevant part, that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate *court of appeals* for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (emphasis added). Thus, in order to file a successive habeas action in this Court, Petitioner must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Pennington v. Norris,* 257 F.3d 857, 858 (8th Cir. 2001) (explaining that a habeas petitioner must obtain authorization from the Eighth Circuit before he can raise a successive challenge to a state conviction).

## IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254 (docket entry #1), be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition.

Dated this 24th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE